Hopper *v.* Hopper.

GARRET R. HOPPER *vs.* JOHN I. HOPPER.

1. Where a contract is certain and fair in all its parts, and for an adequate consideration, and the party seeking its enforcement has held himself ready to perform it according to its terms, without default on his part and has been prompt in his application for relief, a court of equity will decree a specific performance of the contract, as a matter *of course.*

2. It constitutes no objection to a decree for specific performance, that the application is made to enforce the *payment of the purchase money*, and not to compel a delivery of the title.

3. The doctrine is well established that the remedy is *mutual*, and that the vendor may maintain his bill in all cases where the purchaser could sue for a specific performance of the agreement.

4. Mere pecuniary inability to fulfill an engagement does not discharge the obligation of the contract, nor does it constitute any defence to a decree for specific performance.

5. Where the contract is not capable of being performed by reason of some difficulty inherent in the subject matter of the contract, a specific performance will not be decreed.

---

The case was heard upon the pleadings and proofs.

*C. H. Voorhis,* for complainant.

*Woodruff,* for defendant.

THE CHANCELLOR. The bill is filed by a vendor to enforce the specific performance of a contract for the purchase and sale of real estate. The contract is in writing, and bears date on the tenth of June, 1862. By the terms of the contract, the complainant agreed to convey to the defendant a tract of land containing sixty acres, more or less, for the consideration of $3600, five hundred dollars to be paid in cash on the fifteenth day of July then next, and $3100, the balance of the purchase money, to be secured by bond and mortgage, payable on the first of May then next, with interest from the first day of November.

The contract is certain and fair in all its parts, and is for

an adequate consideration. The complainant was in no default upon his part. He proffered himself ready and willing to perform the contract, according to its terms. He tendered a deed and the possession of the premises. He made prompt application for relief by filing his bill in this court. Under such circumstances it is as much a matter of course for courts of equity to decree a specific performance of the contract as it is for a court of law to give damages for the breach of it. *Hall* v. *Warren*, 9 *Vesey* 608; *Greenaway* v. *Adams*, 12 *Vesey* 395, 400; 1 *Story's Eq. Jur.*, § 751, § 771.

It constitutes no objection to the relief prayed for, that the application is made by the vendor to enforce the payment of the purchase money, and not by the vendee to compel a delivery of the title. The vendor has not a complete remedy at law. Pecuniary damages for the breach of the contract is not what the complainant asks, or is entitled to receive at the hands of a court of equity. He asks to receive the price stipulated to be paid in lieu of the land. The doctrine is well established that the remedy is mutual, and that the vendor may maintain his bill in all cases where the purchaser could sue for a specific performance of the agreement. *Lewis* v. *Lord Lechmere*, 10 *Mod.* 503; *Walker* v. *Eastern Counties Railway Co.*, 6 *Hare* 594; *Fry on Spec. Perf.*, § 23.

The only ground of defence suggested by the answer or by the evidence, is the inability of the defendant to perform the contract by making payment of the $500, agreed to be paid on the fifteenth of July. The allegation is, that he entered into the agreement in good faith, expecting to get the money from his wife to make the payment on the contract. That he soon after ascertained that his wife would not let him have the money. That he had it not himself and was unable to get it of any one else, and was therefore unable to comply with his agreement. It appears from the evidence that the wife was aware of the husband's intention to make the purchase, that she, with her husband, visited and examined the premises, and that the final arrangement for the execution of the contract was made in her presence and with her approbation. If the wife afterwards changed her mind and

refused to advance the funds to aid in making the purchase, there are strong reasons for believing that it was at the husband's instance and procurement. But if the fact be otherwise, and the truth be as alleged in the answer, that the wife refused to advance the money and the husband was unable to procure it elsewhere, it constitues no defence to the bill. The case made by the answer is simply inability on the part of the defendant to meet his engagement. Whether he relied, at the time of making the contract, upon obtaining the means of fulfilling it from his wife's property, or from a third party, or from his own resources, can make no difference. Mere pecuniary inability to fulfill an engagement does not discharge the obligation of the contract, nor does it constitute any defence, either at law or in equity, to a decree for performance. The complainant is entitled to his decree. Whether the defendant will be able to satisfy the claim or to perform the decree, will be ascertained hereafter. Where the contract is not capable of being performed by reason of some difficulty inherent in the subject matter of the contract, as where the title of the grantor to the thing to be conveyed fails, a specific performance will not be decreed. The court will not make an order obviously nugatory. But this is not to be confounded with alleged or actual inability on the part of the contracting party from want of pecuniary means to fulfill his engagement.

Nor is the case exposed to the objection which lies to a decree for the specific performance of a contract made by a husband to convey land, the title to which is in the wife, or which is subject to her dower. There the very strong objection exists that the decree of the court lays the strongest constraint upon the wife to part with the title to her land, which the wisdom of the law has declared shall not be aliened without her free and voluntary consent. The decree of the court cannot be executed without the wife parts with the title to her land. It operates *ex-necessitate* as a constraint upon the freedom of her will. 1 *Story's Eq. Jur.*, § 731, 734; *Young* v. *Paul*, 2 *Stockt.* 401.

N *

But in the present case no such necessity exists.    There is no moral impossibility of the husband's executing the contract without the aid of the wife.    If she will not furnish the means, he may procure it elsewhere.

The complainant is entitled to a decree.