AARON M. COHEN

*v.*

AUGUSTUS G. POOL.

[Decided February 5th, 1914.]

1. In a suit for specific performance, the lack of mutuality is cured by the beginning of the suit.

2. It is a well-settled principle of law that this court will not make a decree for the specific performance of a contract in a case in which the contract sought to be performed is uncertain. The terms of the agreement, therefore, must be such as to demonstrate to the court the capability of accurate and exact specific performance.

3. An instrument in writing signed by the defendant, alleged to be a contract and for the sale of real estate, provided as follows:

"ELIZABETH, N. J., March 3d, 1913.

"I will give property No. 506–508 Elizabeth Ave. for rent at Sixty Dollars $60.00/100 a month for five years lease and five years more, and all repairing must be done by said 2nd party of said first party inside and look over said *time afer* to Thursday March 6. inst. at noon about 1 to 3 P. M. and I will *sine* all papers *wich* must be made by attorney and said party of 2. will the right to buy said *said* property for Twenty thousand dollars $20000 any time said party No. 2 will take property. All repairing outside must be done first party."

*Held,* to be a contract so indefinite and uncertain in its terms that it will not be decreed to be specifically performed.

On final hearing on bill, answer, replication and proofs.

*Mr. Abe J. David,* for the complainant.

*Mr. Foster M. Voorhees,* for the defendant.

HOWELL, V. C.

The bill of complaint in this case is filed for the purpose of compelling the specific performance of a document alleged to be a contract, and for the sale of real estate, of which the following is a copy:

"A. G. POOL,

"MANUFACTURER OF CARRIAGES, WAGONS AND TRUCKS,
"506–508 Elizabeth Avenue,

"ELIZABETH, N. J., March 3d, 1913.

"I will give property No. 506–508 Elizabeth Ave. for rent at Sixty
Dollars $60.00/100 a month for five years lease and five years more,
and all repairing must be done by said 2nd party of said first party in-
side and look over said *time afer* to Thursday March 6. inst. at noon
about 1 to 3 P. M. and I will *sine* all papers *wich* must be made by at-
torney and said party of 2. will the right to buy said *said* property for
Twenty thousand dollars $20000 any time said party No. 2 will take
property. All repairing outside must be done first party.

"(Signed)   A. G. POOL."

The defendant objects upon the following grounds: (1) that
the so-called contract is merely an agreement for a lease; (2)
that it is void for uncertainty; (3) lack of parties, it being
alleged that the complainant was not the only party to the agree-
ment; (4) that the contract is not mutual.

The lack of mutuality is cured by the beginning of the suit.
It was held in *Krah* v. *Wassmer, 75 N. J. Eq. 109,* that a uni-
lateral contract to convey lands ceases to be unilateral on the
purchaser filing a bill for specific performance thereof. The de-
cision of this point, therefore, must be in favor of the com-
plainant.

The other three points must be considered together. It is a
well-settled principle of law that this court will not make a
decree for the specific performance of a contract in a case in
which the contract sought to be performed is uncertain. *Whar-
ton* v. *Stoutenburgh, 35 N. J. Eq. 266;* *Clow* v. *Taylor, 27
N. J. Eq. 418; Brown* v. *Brown, 33 N. J. Eq. 650.* The reason
being that the court could not be assured that it is enforc-
ing the agreement which the parties had made. The terms of
the agreement, therefore, must be such as to demonstrate to the
court the capability of accurate and exact specific performance.
The first objection that strikes the eye is that no lessee is named
in the agreement itself. The agreement was executed at the
house of the defendant, and after its execution it was handed to
the complainant, but that is the only thing in the case which in-
dicates that the complainant alone or in connection with other
persons was to be the lessee or one of the lessees. In other words,

in order to ascertain the name of the person to whom the lease is to be given, we must resort to extrinsic evidence to supply one of the most important terms of the contract.

Again, the phrase is that the complainant will "give" "for rent" the property described at $60 a month, &c. I am unable to determine from an examination of the document itself whether the lease which it is claimed was provided for therein should begin to run on March 3d, 1913, the date of the so-called agreement, or March 6th, a date named in the agreement for signing further papers, or on some other date; and this point cannot be made clear without resorting to parol testimony to add a term to the contract.

Again, the option to sell the property for $20,000 at any time that the indeterminate party No. 2 would take the property, lacks definiteness and certainty, and would require that the court should guess at what the parties meant. Does it mean that the lessee can purchase the property at any time during the term of the lease, or during the term of the lease and of the extension, or is it indefinite so as to compel the defendant to execute a deed at any time during his life?

I am unable to see my way clear to advise a decree on a contract so indefinite and uncertain in its terms as this one is.

I will therefore advise a decree dismissing the bill of complaint.