JOSEPH KLAUSNER, complainant-respondent,

*v.*

PHEBE WATSON, defendant-appellant.

[Submitted March 27th, 1916.    Decided June 19th, 1916.]

1. Where the vendee failed to perform on the day set, and did not prior thereto record his option contract, he could not thereafter compel specific performance in suit against the vendor only, who, on failure to perform and prior to recording the contract, sold to a third person without notice of the contract, such third person having in good faith and for valuable consideration acquired an equitable title.

2. It is a settled rule of equity jurisprudence that, where the vendor is not the owner of the equitable title of the land which he has agreed to convey, a court of equity will not decree specific performance by such vendor.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Griffin.

*Messrs. Besson, Alexander & Stevens,* for the appellant.

*Mr. Harry Lane* and *Mr. Isaac F. Goldenhorn,* for the respondent.

The opinion of the court was delivered by

KALISCH, J.

The respondent, the complainant, in the court of chancery, filed his bill to compel the appellant to specifically perform an agreement, in writing, entered into between the appellant and one John O'Connor, of the city of New York, on the 25th day of June, 1913, whereby the appellant agreed to convey by warranty deed, on or before the 25th day of July, 1913, free and clear of all encumbrances, certain lots of land situate in Jersey City, and designated in the agreement, for the consideration of $2,800, which was to be paid as follows: $550 to be paid in cash at the time of the execution of the agreement, which was done, and the balance of $2,250 was to be paid upon the delivery of the deed. Following the acknowledgment on the agreement there was an assignment of it, in blank, subscribed by John O'Connor, per James D. Cullimore, attorney. Subsequently, on the 8th day of September, 1913, O'Connor formally assigned the agreement made between him and the appellant to Joseph Klausner, the respondent. The agreement and assignment were recorded September 20th, 1913.

The vice-chancellor found, and the testimony justifies his findings, that on the day fixed for closing the title, the attorney who represented the purchaser and his assignee were not ready to perform, and by agreement the time for passing the title was extended, and that thereafter there were numerous meetings between the parties during the summer of 1913, and that the many delays that occurred in the matter were due to the respondent's attorney and were inexcusable, and that the matter then rested in abeyance until a few days prior to the 19th day

of September, 1913, when the appellant's attorney notified the respondent's attorney that the matter had to be closed on that date, but did not state in any way that if the title was not passed on the 19th of September, that the appellant would consider the contract at an end; that on the day last mentioned the appellant appeared at her attorney's office ready to deliver the deed, but neither the respondent nor his attorney appeared; that the respondent's attorney offered as an excuse for his absence that he was engaged in the trial of a cause which lasted nearly the day, and then, with the purchase price in his pocket, he hurried to the appellant's attorney's office, but he had gone for the day; that on the next day, the respondent's attorney placed the contract and assignment on record and two days later wrote a letter to the appellant's attorney notifying him that his client was ready to close the title and gave as an excuse for not closing the title at an earlier date that there were taxes against the property unpaid and mortgages and other encumbrances; that this excuse was fully met by the appellant who had in hand releases of all existing liens against the property, excepting the taxes and these she purposed to pay out of the purchase-money; that on the 19th day of September, 1913, when the respondent failed to appear to consummate the agreement with the appellant, the appellant entered into an agreement with George W. Cranwell, by which she agreed to convey to him, in consideration of $2,-600, the lots of land she had by her prior agreement agreed to convey to O'Connor, the appellant. It also appeared that this fact was set up in the appellant's answer to the bill of complaint.

Upon this state of the facts the vice-chancellor held, that since the time for the performance of the agreement appeared not to have been intended by the parties to be of the essence of the agreement, the delay in that regard did not operate to nullify it, and that since there was no evidence to support a conclusion that there was a rescission of the contract, the respondent was entitled to a decree requiring the appellant to execute a warranty deed free and clear of all encumbrances.

In view of the fact that when the appellant made the agreement to convey to Cranwell, neither the agreement to convey to

O'Connor nor the assignment of that agreement by O'Connor to Klausner was on record, and, therefore, so far as the record revealed, there was no notice to the public of any such transaction.

There is not a spark of testimony in the case tending to show that when the appellant conveyed to Cranwell that the latter knew of the prior agreement of appellant to convey the same property to the respondent. Cranwell's legal status, therefore, was that of a person who had in good faith and for a valuable consideration acquired an equitable title to the property in litigation.

This situation makes it manifest that it is utterly impossible for the appellant to conform to the requirement of the decree to convey the property to the respondent clear and free of all encumbrances.

Cranwell had acquired an equitable interest in the property. He was not made a party to the suit. Even if he were made a party, the complainant could not successfully maintain a bill in equity for specific performance unless he was in a position to show notice on the part of Cranwell which would compel Cranwell to join in the conveyance with the appellant.

It is a settled rule of equity jurisprudence that where the vendor is not the owner of the equitable title of the land which he has agreed to convey, a court of equity will not decree the specific performance by such vendor of a contract for the sale of the same. *Flattau* v. *Logan, 72 N. J. Eq. 338,* and the cases there collated.

The decree will be reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—15.