DAVID FRIEDLANDER, complainant-appellant,

*v.*

GUSTAVE A. LEHR and BERTHA P. C. LEHR, defendants-respondents.

[Submitted March term, 1925.   Decided May 18th, 1925.]

1. Specific performance will not be decreed against a vendor where it appears that the decree would be futile, because of the fact (there being no proof of equitable title in such vendor) that title to the real estate in question is in a stranger to the contract of sale, who is not made a party-defendant.

2. Where application is made after final hearing and after the filing by the vice-chancellor of his conclusions, for permission to amend a bill for specific performance of a contract to sell real estate by adding the names of the present holders of the title, whose *bona fides* is not challenged either in the bill or by the proof, and of whose existence the claimant had knowledge before he filed his bill—*Held*, the vice-chancellor was well within the bounds of his discretion in denying the application.

3. Where after final hearing and the filing of the conclusions of the vice-chancellor, advising that the bill be dismissed, but before the actual entry of the decree an application was made to the vice-chancellor for permission to suffer a voluntary dismissal of the bill without prejudice, and no circumstances were brought to the attention of the vice-chancellor which moved him in the exercise of his discretion to grant the moton in order to prevent a miscarriage of justice, a denial of the application will be affirmed.

---

On appeal from a decree advised by Vice-Chancellor Ingersoll.

*Mr. William S. Darnell,* for the appellant.

*Mr. Clarence L. Cole,* of counsel (*Messrs. Cole & Cole,* on the brief), for the respondent.

The opinion of the court was delivered by

WHITE, J.

The bill prayed for a decree of specific performance against the defendant-vendors of an unrecorded contract in writing for the sale of real estate, which real estate, after the signing of the agreement, but prior to the filing of the bill, had been conveyed by said vendors to third parties, who, although complainant learned of the conveyance before filing his bill, were not made parties and charged with such circumstances as would justify a decree against them. Under these conditions the decree of specific performance prayed for would have been futile, and was properly refused, and the bill dismissed for that reason. *Flattau* v. *Logan,* 72 N. J. Eq. 338; *Klausner* v. *Watson,* 86 N. J. Eq. 220.

Complainant's petition of appeal and the brief of his counsel also aver, however, that about a month after the learned vice-chancellor had filed his conclusions in the case advising that the bill be dismissed, but, before the decree of dismissal had been actually entered, application, after notice, was made to the vice-chancellor for permission to amend the bill by bringing in the omitted parties-defendant who held title to the property in question, and, presumably, by making the necessary averments against them; and also, in the event of that application being denied, for permission to suffer a voluntary dismissal of the bill, presumably, also, without prejudice, and that both these applications were denied. We think this action of the learned vice-chancellor was quite within his discretion under the circumstances here involved. Defendant's answer to the bill expressly set up the fact that they, after rescinding the contract of sale because of complainant's alleged breach thereof, had sold the property to a third

party whose name was stated in the answer, and on the final hearing the evidence disclosed knowledge on the part of the complainant before he filed his bill of this alleged sale and of the conveyance of the title in pursuance thereof.

What was here involved was not a mere formal addition of parties shown by the evidence to be properly subject to the prayer for relief. So far as these third parties who now hold the title were concerned, additional proof was essential to attack the *bona fides* of the title they hold. Nevertheless, with this situation staring him in the face, complainant went to final hearing without amending, and then only after all the evidence was in and the case actually decided did he seek his amendment. He was too late with an amendment of this nature. *Seymour* v. *Long Dock Co., 17 N. J. Eq. 169; Jones* v. *Davenport, 45 N. J. Eq. 77.*

The application for permission to voluntarily have the bill dismissed without prejudice was also properly denied. After a trial on the merits the case was duly decided in favor of the defendants, and, certainly, unless there were circumstances properly brought to the attention of the vice-chancellor which moved him in the exercise of his discretion to grant such a motion in order to prevent a miscarriage of justice (*Maturi* v. *Fay, 98 N. J. Eq. 377*), the defendants were entitled to a decree in accordance with the decision in their favor.

The view hereinbefore expressed makes it unnecessary for us to consider the other reasons going to the merits of the case also relied upon by the learned vice-chancellor as supporting his conclusions, and we, therefore, express no opinion thereon.

The decree is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 15.

*For reversal*—None.