Defendant, as vendor in a contract for the sale of land, has moved to strike out a vendee's bill for specific performance. The contract is signed by the vendor and is signed by the vendee in the following manner: "Isaac Kamens, Agent."
Our statute of frauds does not require a contract for the sale of real estate to be signed by both parties to the contract. *Page 491 
The requirement is that it "shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized." The great weight of authority is to the effect that the phrase, "party to be charged," means the party sued, and that the signature of the other party is not essential. See authorities collected in the American notes toLaythoarp v. Bryant, 2 Bing. N.C. 735, in 6 Eng. Rul. Cas.
(at p. 254); also, Pom. Spec. Perf. (3d ed.) §§ 75, 170.
But the courts, with great uniformity, also have held that the substantive parts of the contract must appear in the writing; accordingly the name, or a sufficient description of the party seeking enforcement of the contract, is indispensable, because without it no complete contract is shown. See cases collected in25 R.C.L. (at p. 656), including Johnson v. Buck,35 N.J. Law 338, and Clement v. Young-McShea Amusement Co., 70 N.J. Eq. 677.
The contract here in question meets that requirement, since in the body of the contract it is set forth that it is "between Edward Anderson, Jr., and Agnes I., his wife, * * * of the first part, hereinafter called the sellers, and Isaac Kamens, or his nominee, * * * of the second part, hereinafter called the buyer." The bill herein has been filed by Isaac Kamens in his own right and not by a nominee.
In support of the motion herein stress is made of the circumstance that the contract is signed "Isaac Kamens, Agent," after the signatures of the vendors. This would be fatal to recovery but for the fact that the body of the contract specifically designates the vendee, since a vendee, undisclosed by the written contract, could not be supplied by parol.Schenck v. Spring Lake Beach Improvement Co., 47 N.J. Eq. 44.
But in view of the fact that the vendee in this contract is specifically disclosed, and that it is unnecessary for the vendee to sign, the signature, "Isaac Kamens, Agent," may be herein regarded as immaterial. Had this contract been signed by the vendor and by "John Smith," the obligation of the vendor to convey to the vendee specified in the body of the contract would have obtained. In its completed form as executed the contract of the vendor is for the benefit of *Page 492 
the vendee specifically named in the body of the contract. In such circumstances the party for whose benefit the contract is made is entitled to enforce it. Pom. Spec. Perf. § 486; VanDyne v. Vreeland, 11 N.J. Eq. 370; Pruden v. Williams,26 N.J. Eq. 210; Cubberly v. Cubberly, 33 N.J. Eq. 82; affirmed,Ibid. 591; Joslin v. New Jersey Car Spring Co.,86 N.J. Law 141.
So far as mutuality of obligation of performance is concerned, that requirement was fully met when the vendee specified in the body of the contract filed his bill herein. Cohen v. Pool,84 N.J. Eq. 77; affirmed, Ibid. 189. Prior cases in this state to that effect are collected in Pom. Spec. Perf. (3d ed.) note"a" to § 170.
The motion to strike out the bill must be denied.