A bill was heretofore filed praying for a decree of specific performance against Gustave A. Lehr and Bertha P.C. Lehr, his wife, of an unrecorded contract in writing for the sale of real estate, which real estate, after the signing of the agreement, but prior to the signing of the bill, had been conveyed by the vendors to third parties, who, although complainant learned of the conveyance before filing his bill, were not made parties, and charged with such circumstances as would justify a decree against him.
The case was heard and conclusions filed advising a dismissal of the bill. Before the decree for dismissal had been actually entered, application after notice was made for permission to amend the bill by bringing in the omitted party defendants, and in the event of that application being denied, for permission to suffer a voluntary dismissal of the bill. Both of these applications were denied. Upon appeal, it was held that these applications were properly denied and the defendants were entitled to a decree in accordance with the decision in their favor. Friedlander v. Lehr, 98 N.J. Eq. 359.
The complainants now file a bill alleging the contract as before, and charging that said Gustave A. Lehr and Bertha P.C. Lehr, his wife, after the making of said contract, and on May 18th, 1922, conveyed said premises to their daughter, Rose Schlichting, who on the same day executed a purchase-money mortgage upon said property to Gustave A. Lehr to secure the payment of a part of the consideration, which mortgage was duly recorded; that said Schlichting, on May 23d 1922, conveyed said premises to one Thomas Delaney, which deed was duly recorded on May 25th, 1922. Afterwards, Delaney and wife reconveyed to Schlichting. After due averments, Rose Schlichting was made a party defendant. *Page 682 
At the hearing, application for a dismissal of the bill upon the grounds that the matter was res adjudicata was made. This was held under advisement, and the final hearing was held.
The testimony was very similar to that given at the hearing of the previous case.
Gustave A. Lehr was, in April, 1922, the owner of certain premises in Wildwood, New Jersey. One G.M. Dare is a real estate agent in that city.
On April 4th, 1922, Lehr authorized the said Dare to act as his sole agent for the sale of the property for the sum of $6,500, agreeing to pay a commission for such sale of five per cent. on $5,000 and two and one-half per cent. on balance of purchase price.
Negotiations were entered into, which finally resulted in the execution by Lehr and his wife on April 13th, 1922, of an agreement to convey said premises to one David Friedlander for the sum of $6,000. The consideration to be paid, $500 upon the signing of the agreement, $2,500 cash at the time of settlement on or before June 1st, 1922, and the balance to be secured by a purchase-money mortgage of $3,000.
This agreement was given to Dare to secure the signature of Friedlander, and the payment of $500.
Friedlander was a client of Dare's, and he, Dare, had in his safe a check of Friedlander's which had been given him to pay upon the purchase of another property, and which Friedlander authorized Dare to use to make the payment called for by the agreement.
Dare made no payment to Lehr of the $500 until on May 25th, 1922, he mailed Lehr a "certified check for $225, representing the $500, * * * less commission."
On May 25th, 1922, Lehr returned the check and wrote as follows:
"You bought this property more than six weeks ago and paid no deposit although you said you would pay me $500 down.
"Not having heard from you in all that time, and having received no deposit, I have decided not to sell this property and more." *Page 683 
Friedlander, by his attorney and with Dare, on May 31st, 1922, tendered to Lehr $2,725 and a mortgage for $3,000, and presented a deed for signature, which Lehr refused. Dare made the same tender, which was also refused.
The testimony leaves no doubt that Dare was acting as Friedlander's agent during the entire negotiations. Under these facts, and that no actual payment was made by Friedlander, he was bound to see that his agent made the payment to Lehr, which he, Friedlander, says he authorized Dare to make.
While it is clear that under other circumstances Friedlander would be under no obligation to see to the application of money paid on account of the consideration of an agreement of sale, his knowledge of the existing anomalous position of Dare, put him upon guard and imposed upon him that duty.
I am satisfied that the facts as proven do not entitle the complainant to a decree for specific performance of the contract.
Therefore it is unnecessary to determine the question raised upon the motion to dismiss.