DAVID LADERMAN and NATHAN RABINOWITZ, complainants-appellants,

*v.*

JOHN ROONEY et al., defendants-respondents.

[Submitted May 27th, 1927.   Decided October 17th, 1927.]

Where only part of those having an interest in certain lands were parties to or acquiesced in a contract to sell it, the purchasers are entitled to specific performance as against them for their interest in the land on payment of that proportion of the total consideration as such interests bear to the entire interest.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Lewis, whose opinion is reported in *97 N. J. Eq. 49*.

Mr. *Addison P. Rosenkrans,* for the appellants.

Mr. *Michael Dunn* and Mr. *Arthur C. Dunn,* for the respondents.

The opinion of the court was delivered by

CAMPBELL, J.

James Rooney was the owner of six or seven acres of land in the city of Clifton. He died intestate, leaving surviving his wife and seven children. His widow died prior to the transaction which is the subject of this litigation, as did also his son, Joseph, who by his last will and testament devised his interest in the lands of his father, to his widow, Mary A. Rooney.

At the time, with which we are concerned, the following persons were interested in the lands of which James Rooney

died seized; John and Thomas Rooney, sons, Elizabeth, Annie, Bridget and Mary Rooney, daughters, all unmarried except Thomas Rooney, and Mary A. Rooney, the widow of Joseph Rooney, deceased, a son of James Rooney.

Negotiations were opened by David Laderman and Maurice E. Frishman with John Rooney for the purchase of the property and resulted in an agreement in writing for the sale thereof, to Laderman and Frishman, dated April 19th, 1923, by John Rooney, attorney in fact for the estate of James Rooney, for the sum of $20,000, $1,000 of which consideration was paid, at the execution of the contract, by checks to John Rooney. This contract was executed by John Rooney for all the other parties in interest, as well as himself, upon the theory and statement by him that he represented them and had their authority to act for them in the matter. His brother, Thomas Rooney, was present at the time that the contract was executed and ratified and acquiesced therein. On April 20th, 1923, the day following the execution of such contract, the following writing was obtained:

"April 20th, 1923.

We, the undersigned, heirs of James Rooney, do appoint John Rooney with power of attorney and do invest him with full power to act in our behalf on sale of estate of the late James Rooney."

This contained what purported to be the signatures of all the parties in interest, but some of the signatures were not by the parties, but placed thereon by others.

Subsequently, it became apparent that some of the parties in interest would not join in a deed in performance of the agreement for sale, which called for the passing of title on July 1st, 1923.

Frishman assigned to Laderman his one-half interest in the contract for $750, who, in turn, assigned such one-half interest to Nathan Rabinowitz, who, apparently, had full knowledge of the situation that existed.

The contract not being performed on July 1st, 1923, Laderman and Rabinowitz filed a bill for specific performance,

and after hearing upon bill and answer a decree was advised denying specific performance and dismissing the bill of complaint without prejudice to the complainants' remedy at law.

From such decree the complainants below appeal, urging several grounds for the reversal thereof.

We conclude, however, that the learned vice-chancellor was correct in the conclusions and findings of fact reached by him and expressed in his opinion except as to his finding that the complainants are entitled to specific performance as against John and Thomas Rooney, if they desire it, for their interest in the land, upon payment of the full purchase price.

In this respect there was error. The complainants were entitled to a decree of specific performance as against John and Thomas Rooney, if they desired it, for their interest in the lands upon the payment of that proportion of the total consideration as such interests bear to the entire interests. *While* v. *Weaver, 68 N. J. Eq. 644.*

In all other respects the decree is affirmed, and the cause remanded to the court below for the purpose of securing a modification thereof in accordance with the views herein expressed.

