This matter is before the court on a motion to strike out the answer filed by defendants upon the ground — (1) said *Page 208 
answer is frivolous and fails to set forth a sufficient defense; (2) the denials and affirmative defenses contained therein are false and sham, being interposed merely for the purpose of delay.
My consideration of the bill and answer and the affidavits filed by the respective parties on this motion actuates me in determining that the motion should be granted. The parties to the suit negotiated for the exchange of real estate. On July 20th, 1927, Jacob Rapps, son of the complainant, who represented her in the negotiations aforesaid, attended, with the complainant's solicitor, at the office of William H. Hardifer, the solicitor of defendants, together with the defendant John Tulenko, and Max Rudolph, a real estate agent, who, in behalf of the defendants, negotiated with the complainant's son for the exchange of property. All terms for the contract of exchange were agreed upon between the parties, and, at the direction of the defendant John Tulenko, his solicitor, William H. Hardifer, prepared in duplicate the contract to be executed by the parties. Said contract was signed by said defendant John Tulenko. Neither the complainant Bessie Rapps, nor the defendant Anna Tulenko, were present at said time. The defendant John Tulenko made out two checks for $300, the amount of the deposit required to be paid by the defendants to the complainant in accordance with the contract, and left said checks with his said solicitor, who was to obtain the signature of the defendant Anna Tulenko to the contract, and thereupon give the contract to the complainant's solicitor, who was to obtain the signature of the complainant thereto, and thereupon return one copy of the contract to the solicitor of the defendants and receive the aforesaid deposit moneys. A day or two thereafter the duplicate copies of the contract were delivered at the office of the complainant's solicitor, one of which being signed by both defendants. Owing to the illness of the complainant and her confinement in a hospital, no effort was made to obtain her signature to the contract until August 4th, 1927, when the complainant's aforesaid son (Jacob Rapps) received a letter from the solicitor of the defendants, dated August 2d 1927, which reads as follows: *Page 209 
"Mr. Jack Rapps, 170 Marietta Street, Passaic, N.J.
Kindly advise me after receipt of this letter whether or not you still intend to go through with the deal of selling Mr. Tulenko the property your mother holds located on Center street. I called Mr. Krieger yesterday and he informed me that he still had the contracts in his possession, but that you failed to have same signed by your mother. If I do not hear from you within the next three days, I will consider the deal off, returning Mr. Tulenko his deposit. Trusting you will be good enough to advise me of the matter at once after receipt of this letter, I beg to remain,
 Yours very truly, WILLIAM H. HARDIFER."
Immediately upon receipt of said letter, the complainant's aforesaid son, with the complainant's solicitor, visited the hospital where she was confined and obtained her signature to the aforesaid contract. The following morning, August 5th, 1927, the complainant's solicitor, and her aforesaid son, called at the office of the defendants' solicitor, with the contract signed by complainant, intending to leave same with Mr. Hardifer and obtain from him the deposit moneys aforesaid. Mr. Hardifer's secretary informed said parties that Mr. Hardifer had left on his vacation and she had no authority to deliver the checks. Nothing was done about the matter thereafter until the return of the defendants' solicitor, on August 22d 1927, when, upon the complainant's solicitor and her aforesaid son communicating with Mr. Hardifer, they were informed by him that he would have to get into communication again with his clients before he could make delivery of the aforesaid checks. The following day, August 23d 1927, the complainant's aforesaid son again communicated with Mr. Hardifer, who thereupon informed him that the defendants had advised him (Mr. Hardifer) that they would not go through with said contract. The complainant's solicitor forwarded to the defendants, by registered mail, a letter bearing date September 1st, 1927, which reads as follows:
"This is to advise you that on Tuesday, September 6th, 1927, at 4:30 P.M., I shall call at the office of Mr. William Hardifer in the Montauk Building, Passaic, New Jersey, to tender a deed for the *Page 210 
property No. 90-94 Lake avenue, Clifton, N.J., in performance of the contract bearing date July 20th, 1927, between Bessie Rapps, widow, and John Tulenko and Anna Tulenko, his wife. Kindly attend and be ready to perform your part of the contract.
 Very truly yours, BENEDICT KRIEGER."
At the time and place appointed in the aforesaid letter the complainant's solicitor and her aforesaid son called at the office of the solicitor of the defendants with a deed duly executed and acknowledged by the complainant, which they were prepared to deliver to the defendants, upon the latter performing the aforesaid contract upon their part. Neither of the defendants appeared at the office of their solicitor, Mr. Hardifer, at said time, and Mr. Hardifer informed the complainant's solicitor and her aforesaid son that the defendants would not go through with the contract.
Upon the argument of the motion the reason assigned by the solicitor of the defendants for their non-performance of the contract was that the defendants considered that the contract was at an end because it had not been consummated on the date designated in the contract for the closing of the matter, to wit, August 1st, 1927. He argued that the defendants considered that time was of the essence of the contract. In the memorandum which said solicitor submitted to me, he dwells upon numerous reasons which he assigns, in the defendants' behalf, as indicating their right to consider the contract at an end because of the matter not being closed on August 1st, 1927, to wit — (1) that there was no delivery of contract; (2) no consideration, and (3) that the tender of the deed was invalid. He argues in behalf of the defendants that it was a condition precedent to the validity of the contract prepared by him on July 20th, 1927, that the complainant sign and execute same on that day or the following day, and make delivery thereof to the defendant and receive from them the consideration therefor — that is, the checks aforesaid.
It appears from the proofs in this matter that the solicitor of the defendants was made the custodian of the deposit moneys paid by the defendants under the contract, with authority *Page 211 
to deliver same to the complainant upon the receipt by him of a copy of the contract signed by the complainant. That the date — August 1st, 1927 — designated in the contract for the closing of the transaction, was not regarded as of the essence of the contract, is not only clear, under the law, but is particularly manifest by reason of the fact that the solicitor of the defendants, by his aforesaid letter of August 2d 1927, inquired as to whether complainant intended to go through with the deal, and saying that if he did not hear from the complainant's son (to whom said letter was addressed) within the next three days thereafter, he would consider the deal off and return to the defendant Mr. Tulenko the deposit moneys aforesaid.
The solicitor of the defendants, in his argument on the motion, appeared to be of the impression that the statute of frauds required the contract in question to be signed by the complainant as well as the defendants. Such is not the fact. The statute of frauds does not require a contract for the sale of real estate to be signed by both parties to the contract. The requirement of the statute means the party sued, which, in this case, is the defendants. Kamens v. Anderson, 99 N.J. Eq. 490.
The requirement for mutuality of the obligation of performance was met by the complainant by the filing of her bill. Kamens v.Anderson, supra; see, also, Krah v. Wassmer, 75 N.J. Eq. 109.
If time had been made the essence of the contract in question, the action of the defendants' solicitor, in forwarding to complainant's son the aforesaid letter of August 2d 1927 (which the defendants say was not authorized by them), would not be binding upon defendants, as, in such case, said solicitor would not be regarded as having implied authority to extend the time for the closing of the transaction. See Strauss v. Rabe,97 N.J. Eq. 208; affirmed, 98 N.J. Eq. 700.
Considering, however, that time for the closing of the transaction was not of the essence of the contract, the defendants' failure to reply to the aforesaid letter of the complainant's solicitor (September 1st, 1927) may be strongly regarded as *Page 212 
an acquiescence by the defendants in the fixing by the complainant, through her said solicitor, of the time and place for the closing of the matter. Franklin v. Welt, 98 N.J. Eq. 602.
The status of the parties was not changed by the delay of the complainant in not closing the matter on August 1st, 1927, whereby the enforcement of the contract could be regarded as inequitable or unjust. Dynan v. McCulloch, 46 N.J. Eq. 11;affirmed, 46 N.J. Eq. 608.
That time is not held in this state to be of the essence of an agreement to convey lands, unless the parties have expressly so stipulated, or it follows by necessary implication from the nature of the transaction, has been definitely settled, Cramer
v. Mooney, 59 N.J. Eq. 164 (at p. 170).
In Waring v. Jobs, 104 N.J. Law 158, it was held by the court of errors and appeals that on motion to strike out an answer the question is not whether the facts alleged are sufficient to constitute an answer to the complaint, but whether, taken as a whole, the pleadings and proofs state facts sufficient to constitute a defense to the action. See, also, South CamdenTrust Co. v. Stiefel, 101 N.J. Eq. 41.
The 1915 supplement to the Chancery act (P.L. 1915 p. 185 §4) authorizes the striking out, on notice, "any frivolous or sham defense." It is quite clear to me, in the matter subjudice, that the answer of the defendants is both frivolous and sham. I will advise an order striking out said answer upon the grounds set out in the complainant's notice of motion therefor. *Page 213