Defendants bring this motion to vacate a decree pro confesso
and permitting them to file an answer in this suit for specific performance. Testimony was taken on the application. I do not consider that defendants have made out a case entitling them to the relief asked for.
Hackensack Trust Company foreclosed a mortgage on the real estate in question against defendants Peeck and Luedemann on a bond of $4,000. The premises were sold by the sheriff under decree and bid in by the mortgagor. A motion to confirm the sale was before the court. The motion to confirm was contested and was to come before the court on August 11th, 1941, and was adjourned to the 18th day of August. A sale for delinquent taxes was also threatened. On August 11th, 1941, defendants signed a contract for the sale of the premises to complainant for the sum of $8,000, whereof $4,200 was to be paid immediately and used to pay *Page 137 
off the mortgage held by the Trust Company. A check for $4,200, from funds turned over to the real estate broker who negotiated the transaction, was made out to defendants, endorsed by them and paid to the Trust Company in satisfaction of the mortgage, which was later satisfied of record. The contract of sale was not signed by complainant, but was signed by defendants Peeck and Luedemann at their home, which was on the premises in the suit. Defendant Peeck was in bed at the time and the contract was taken to her room for her signature by the other defendants, her sister and brother. She says that she did not know what she was signing when she executed the contract. Defendant Peeck was in a highly nervous condition at the time of the signing of the contract and it is contended on behalf of defendants that her mental condition was such that she was substantially unable to understand what she was doing. It was by no means proven, however, that she was mentally incompetent. Although she was in a nervous condition and undoubtedly in great mental distress over the fact that she was about to lose her home, this does not constitute mental incapacity. It will be noted that her signature was obtained by her sister and her brother, who must have at the time considered her competent to act. Further light on her mental condition is shown by the circumstances surrounding another almost simultaneous transaction whereby complainant bought from the sisters an adjoining tract. Defendant Peeck was an active participant in the sale of the other tract and apparently was in full possession of her faculties. The contract for the second sale described the premises as being those adjoining the lands now in suit, which were referred to as being premises to be conveyed to complainant.
Upon the refusal of defendant Peeck to convey, the present suit for specific performance was brought and an answer interposed setting up in substance the defense that defendant Peeck did not know what she was signing. A motion to strike this answer was made and the answer was withdrawn and a decree pro confesso
entered. The present application is made by counsel other than the one who filed the answer and withdrew it. *Page 138 
To open a decree pro confesso a defendant must show both surprise and a meritorious defense. Avidan v. Kaplan, 106 N.J. Eq. 43.
The fact that the contract was signed only by the defendants and not by the complainant does not bar the remedy of specific performance. Lean v. Leeds, 92 N.J. Eq. 455; Kamens v.Anderson, 99 N.J. Eq. 490; Rapps v. Tulenko, 102 N.J. Eq. 207.
It will be noted that although the purchaser did not sign the contract it did immediately pay the $4,200 on account of the purchase price so that the mortgage on the premises could be satisfied.
Testimony having been taken on this application, the merits of the proposed defense have been substantially heard, and it is my opinion that the proposed answer does not disclose such a defense as should entitle defendants to the opening of the decree. The motion will be denied.