# Immel *v.* Herb, Appellant.

*Vendor and vendee—Parol contract—Statute of frauds—Evidence.*

1. A plaintiff may recover damages for the breach of a parol contract to convey land, and this is so, although the contract cannot be specifically enforced.

2. Where a person purchases a lot and house for a dwelling, takes a deed therefor, and pays the full amount of the purchase money, and it appears that he is induced to make the purchase by a parol promise on the part of the vendor to remove a foundry in the immediate vicinity, which the latter owned, and the vendor fails to perform his promise, the vendee will be entitled to damages for the breach, and the measure of his damages is the difference between the market value of the property with the foundry in the vicinity and the market value of the property with the foundry removed. The statute of frauds does not apply to such a verbal contract.

3. The evidence to establish such a verbal agreement must not be loose, vague and uncertain, but must be sufficient to show a definite agreement upon which the vendee relied. It is reversible error to admit testimony to establish the agreement, which could only be considered as the expression of an intention or purpose at some time or other to remove the foundry.

Argued Nov. 10, 1909. Appeal, No. 54, Oct. T., 1909, by defendants, from judgment of C. P. Berks Co., Aug. T., 1907, No. 60, on verdict for plaintiff in case of George W. Immel v. H. John Herb and Charles H. Shaaber, Administrator of Jacob Shaaber, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Trespass to recover damages for the breach of a parol contract. Before ENDLICH, J.

The facts appear by the opinion of the Superior Court.

When Mrs. Mary Roland was on the stand, the following offer was made:

Mr. Young: We propose to prove that Mr. Immel, the plaintiff, stated to the witness that he contemplated the purchase of this dwelling house 824 Chestnut street; that the witness went there for the purpose of inspecting the dwelling and there met Mr. Jacob Shaaber, one of the defendants, and stated to him that she objected to the existence and operation of the foundry inasmuch as she intended to live with Mr. Immel; that Mr. Shaaber then assured her that the foundry would be removed and that on the plot of ground occupied by the foundry would be erected dwelling houses; that the witness communicated this statement of Mr. Shaaber to the plaintiff, and that the visit to the property by the witness was made in pursuance of an arrangement with the plaintiff that she would inspect the surroundings of the property with a view to his contemplated purchase.

Mr. Derr: For what purpose is this testimony offered?

Mr. Young: For the purpose of showing that her conversation with Mr. Shaaber, one of the defendants, was communicated to the plaintiff and that that statement, in connection with the statement made by H. John Herb, the other defendant, was the inducement for the purchase of the property at 824 Chestnut street.

Mr. Derr: This is objected to because the contract, according to the testimony of the plaintiff, was made at Mr. Becker's office, where the down money was paid, some time after the time at which it is proposed to prove by the witness this conversation with Mr. Shaaber occurred. That testimony would not tend to corroborate the testimony of the plaintiff as to what happened at Mr. Becker's office when the transaction was concluded by the payment of the down money and is not pertinent to any issue in the case. We conceive how this testimony

might be used in contradiction perhaps, but it is not relevant or competent at this time, and it is generally irrelevant and incompetent. And I would like to repeat the objection that we made to the other offer that it is not proposed to show that the witness on the stand occupied any such relation to the plaintiff as made her able to receive a contract on the part of Mr. Shaaber and in behalf of the plaintiff.

The court admitted exception. [6]

When Susan Bristley was on the stand, this offer was made:

Mr. Young: We propose to show by the witness that some time in the month of October, 1905, prior to the time that the contract for the purchase of the dwelling house 824 Chestnut street was entered into between the plaintiff and the defendants, she in company with Mrs. Mary Roland visited this dwelling house and there met Jacob Shaaber, one of the defendants; that Jacob Shaaber stated to them that the foundry then operated by Herb and Shaaber, the defendants, would be discontinued and the entire plot of ground would be built into dwelling houses; that this conversation between the witness and Jacob Shaaber, one of the defendants, was communicated to the plaintiff prior to the time that the contract for the purchase of the house was entered into; that the visit of the witness to the dwelling house was made as a prospective purchaser and was communicated to Mr. Shaaber.

Mr. Derr: This is objected to because what was said by Mr. Shaaber to the witness when she was going there as a prospective purchaser is particularly irrelevant to the issue trying in this case. It is evident that this visit was the same visit that Mrs. Roland testified to, and, at all events, is objectionable and inadmissible for the same reasons that Mrs. Roland's testimony was objectionable.

The Court: Admitted; bill sealed for defendants. [7]

Verdict and judgment for plaintiff for $1,475. Defendants appealed.

114          IMMEL *v.* HERB, Appellant.

Assignment of Errors—Opinion of the Court.   [43 Pa. Superior Ct.

*Errors assigned* among others were (4) in refusing binding instructions for defendants; (12) discharging rule. for judgment for defendants non obstante veredicto; and (6, 7) rulings on evidence, quoting the bill of exceptions.

*Cyrus G. Derr*, with him *Wm. J. Rourke*, for appellants.—The alleged contract was within the statute of frauds: Bender v. Bender, 37 Pa. 419; Thompson v. Sheplar, 72 Pa. 160; McCafferty v. Griswold, 99 Pa. 270; Walter v. Transue, 17 Pa. Superior Ct. 94; Miller v. Zufall, 113 Pa. 317.

The testimony submitted by the appellee to establish the alleged verbal contract was not clear and satisfactory, nor is the alleged verbal contract certain and unambiguous as to the land alleged to have formed the subject-matter, nor as to the nature and extent of the interest to be acquired therein by the appellee, nor as to the consideration to be paid, etc., and the court should have declined to submit the same to the jury by an affirmance of the defendant's second point which requested binding instructions: Bowers v. Bowers, 95 Pa. 477; Moore v. Small, 19 Pa. 461; Miller v. Zufall, 113 Pa. 317.

*Walter S. Young*, with him *Isaac Hiester*, for appellee, cited: Watterson v. R. R. Co., 74 Pa. 208; Drukin v. Cobleigh, 30 N. N. Repr. 474; Supervisors v. McQueen, 15 Hun (N. Y.), 551; Angell v. Duke, L. R. 10 Q. B. 174; Seago v. Deane, 4 Bing. 459; Preble v. Baldwin, 60 Mass. 549; Hancock v. Melloy, 187 Pa. 371; Riggles v. Erney, 154 U. S. 244 (14 Sup. Ct. Repr. 1083); Poorman v. Kilgore, 37 Pa. 309.

OPINION BY MORRISON, J., July 20, 1910:

This was an action of assumpsit brought to recover damages from the defendants for the breach of a verbal contract alleged to have been made between the parties in October, 1905, as an inducement to the plaintiff to purchase from the defendants a certain house and lot in the city of Reading for the sum of

$5,500. The house and lot were conveyed to the plaintiff by deed from the defendants dated November 20, 1905, in pursuance of an agreement made on October 21 of the same year. It is conceded that the plaintiff paid the full amount of the purchase money. The house and lot were near a foundry owned and operated by the defendants. The plaintiff alleging that at the time of the purchase the defendants had agreed verbally to remove the foundry and to erect dwelling houses in its place within two years, brought this action against the defendants to recover damages for a breach of the alleged verbal contract, in which action the plaintiff claimed and was allowed to recover on the basis of an alleged difference between the market value of the property purchased with the foundry there and the market value of the property purchased with the foundry removed and about twenty dwelling houses erected on the ground. The verdict of the jury was in favor of the plaintiff for $1,475.

At the trial the defendants asked the court to give a binding instruction in their favor and the said instruction having been declined, a rule for judgment non obstante veredicto upon the whole record and a rule for a new trial were obtained, and subsequently both of said rules were discharged.

After the verdict and before judgment, Jacob Shaaber died and Chas. H. Shaaber, administrator, etc., was substituted, and the said administrator and H. John Herb are the present appellants.

In support of the motion for a judgment non obstante veredicto, the defendants contended "that the verbal contract alleged to have been made was one giving to the plaintiff an interest in the foundry property, namely, a dominant right to forbid its use for foundry purposes and to compel its use for dwelling purposes; and that the said verbal contract was void under the Statute of Frauds and Perjuries; that the testimony produced by the plaintiff for the establishment of a verbal contract was inadequate for submission to the jury," etc.

The specifications of error are based: Upon the discharging of the rule for a judgment non obstante veredicto; upon the

refusal of the defendants' request for binding instructions; upon the instructions given to the jury that the measure of damages for the breach of the alleged parol contract was the difference between the market value of plaintiff's property, with the foundry there, and its market value if dwellings had been substituted for the foundry; and upon certain rulings admitting evidence offered by the plaintiff and rejecting evidence offered by the defendants.

In support of the defendants' position that the alleged oral agreement was within the statute of frauds and perjuries, the learned counsel cite the following cases: Bender's Adm'rs v. Bender, 37 Pa. 419; Thompson v. Sheplar, 72 Pa. 160; McCafferty v. Griswold, 99 Pa. 270; Allison v. Montgomery, 107 Pa. 455, and several other cases along the same line. But we do not agree with the counsel that these cases are controlling because the parol agreement alleged by the plaintiff does not purport to convey any right of possession or title to any of the defendants' land, and this is not an action brought for the purpose of enforcing the right of possession to any land. In our opinion, the oral agreement set up by the plaintiff comes within the rule of Watterson v. Allegheny Valley R. R. Co., 74 Pa. 208; West Chester & Phila. R. R. Co. v. Broomall, 18 W. N. C. 44. The parol agreement in the present case being executory, and if, as alleged, it induced the plaintiff to purchase and pay for the house and lot, and if he can sustain, by sufficient competent evidence, the contract and a breach of it, and that such breach depreciated the value of his house and lot, we can see no reason why he may not recover sufficient damages in the present case to make him whole as to the loss actually sustained.

It is well settled in Pennsylvania that a plaintiff may recover damages for the breach of a parol contract to convey land, and this is so although the contract cannot be specifically enforced. In such case, "The existence of a contract was a question for the jury. If they found it proven, and a breach, the plaintiff was entitled to recover:" Poorman v. Kilgore, 37 Pa. 309.

The view we take of this case, as to the statute of frauds

and perjuries, leads us to dismiss the first, second, third, fifth and eighth specifications of error.

The defendants' second contention, as presented by the learned counsel, rests on the proposition that the testimony submitted by the plaintiff to establish the alleged verbal contract was not clear and satisfactory. This question is raised by the fourth and twelfth specifications of error. We find in the record considerable competent testimony tending to support the plaintiff's contention as to the alleged verbal contract, as well as to the damages alleged to have been sustained, and although we have reached the conclusion that the learned court erred in the admission of the testimony embraced in the sixth and seventh specifications of error, yet we are not convinced that if the testimony embraced in the sixth and seventh specifications had been rejected, the court would have been justified in withdrawing the case from the jury. And, therefore, the fourth and twelfth specifications are dismissed.

The third position contended for by the learned counsel for defendants, is that the court erred in admitting the testimony of Mrs. Mary Roland and Miss Susan Bristley (sixth and seventh specifications). Upon a careful consideration of this testimony we feel compelled to hold that it ought not to have been admitted. When we recall the testimony that the plaintiff selected his own attorney, Mr. Becker, to supervise and prepare the contract between the parties, and that it is conceded that Becker drew a writing between the parties prior to the execution of the deed, which writing it is conceded contained no reference to any agreement of the defendants to remove the foundry and build dwelling houses, we think the plaintiff ought to be required to sustain the oral contract sued upon by better testimony than that of Mrs. Roland and Miss Bristley. These ladies were not shown to have any authority whatever to represent the plaintiff when they inspected the house. Mrs. Roland testified that Mr. Shaaber did not know who she was, and the substance of her testimony is, "He took us through the house, and then sister objected to the ——, she said the houses were beautiful, she liked the house very much but she objected to the surroundings, the

dirt, and then she said in case of fire, and he says, ' You don't have to be afraid of that,' he said that the foundry is coming down, we are going to build houses there. We didn't ask him if he was going to build any, he told us. He stated no time, no, sir." The testimony of Miss Bristley does not materially differ from that of Mrs. Roland, except she stated that she told plaintiff what Mr. Shaaber stated. We think this testimony was too loose, vague and uncertain to be submitted to a jury as evidence of a contract between the plaintiff and the defendants for the removal of the foundry and the erection of the dwelling houses. The statements of Mr. Shaaber, as testified to by these ladies, does not tend to prove that the defendants had any contract with the plaintiff requiring the removal of the foundry and the building of the dwelling houses. At most, it could only be considered as the expression of an intent or purpose at some time or other to make the change referred to. Moreover, the statements referred to by Mrs. Roland and Miss Bristley were made some time before the contract was consummated at Mr. Becker's office between the plaintiff and the defendants. We regard this as dangerous evidence to submit to a jury in support of the contract alleged by the plaintiff. While it does not refer to a contract at all, yet it may have influenced the jury to find that there was such a contract between the parties as the plaintiff was contending for. The sixth and seventh specifications of error are sustained.

We are not convinced that any of the other specifications of error can be sustained, and they are all overruled, but on the sixth and seventh specifications the judgment is reversed with a venire facias de novo.