The object of the bill of complaint as narrowed by the oral argument and brief of the solicitor of the complainant is to obtain a decree enjoining the erection by the defendant and any one holding under it of a gasoline station on defendant's land.
The matter comes before me on the return of an order to show cause why an ad interim restraint should not be continued pending final hearing and on a notice by defendant to strike out the bill of complaint.
Complainant is the lessee of a plot of land located on the southerly side of the Paterson Plank Road, in the town of Secaucus. The complainant holds his lease under one, Fink. He operated a gasoline station on the premises which he occupies. A plot of the lands involved in this litigation was *Page 2 
presented to me at the argument and also appears on the brief of the solicitors of the defendants. I will refer to that plot for the purpose of designating the land in question. The land of the said Fink is designated thereon as "Plot B." In assembling a parcel of land for the purpose of erecting a freight terminal "Plot AX" was acquired. Fink agreed to convey the piece enclosed in the red diagram, which is part of "Plot AX" and part of "Plot B." One-half of this piece agreed to be conveyed is marked "Strip X" on said diagram and forms part of the premises held by the complainant under a lease. No buildings are erected on this strip. The purchaser of "Plot AX" refused to take title unless it could be given free and unobstructed use of "Strip X." The parties interested conferred on April 24th, 1940, and the complainant and his landlord, Fink, entered into a written agreement modifying complainant's lease. This agreement recites that in consideration of the landlord reducing the rent by $5 a month the complainant agrees not to obstruct "Strip X," to permit the purchaser of "Plot AX" to have free and unobstructed ingress and egress over said strip and also agrees that said strip may be graded to conform with the grade of "Plot AX." Complainant alleges in paragraph 19 of the bill of complaint that the purchaser of "Plot AX" orally represented that it or its assigns would build a freight terminal on said plot, "and that said business would not in anywise be injurious to complainant's business." Complainant admits that the defendants did not specifically agree not to erect a gasoline station on "Plot AX," but contends that such is the inference to be drawn from the alleged oral promise. The present owner of "Plot AX" has leased a portion thereof immediately fronting on Paterson Plank Road to a gasoline company, which is about to erect a gasoline station thereon. The agreement alleged in the bill of complaint is an oral agreement. Defendant contends that this comes within the statute of frauds. N.J.S.A. 25:1-5. An agreement restricting the use of land is not a personal agreement, but is an agreementin rem, and, therefore is required to be in writing in order to be enforceable. "An agreement to release or discharge lands from rights, interests or valid claims *Page 3 
therein or thereto, or to waive, disclaim or surrender such rights, interest or claims is not enforceable unless in writing."27 Corp. Jur. 207; George v. Meinersmann, 119 N.J. Law 460.
The complainant in the oral argument abandoned an allegation that dirt had been dumped on the premises in question and therefore had obstructed its use. The answering affidavits of the defendants explicitly and circumstantially deny the allegations in the bill of complaint. Citizens Coach Co. v. Camden HorseRailroad Co., 29 N.J. Eq. 299.
I have, therefore, concluded that the ad interim restraint should be dissolved and that the bill of complaint should be stricken out for the reason that it discloses no cause of action cognizable in equity.