JOSEPH DROUTMAN, complainant-appellant,

*v.*

THE E. L. & M. GARAGE, INC., et al., defendants-respondents.

[Argued February 10th, 1941.  Decided May 20th, 1941.]

*Mr. Archie Elkins,* for the appellant.

*Mr. Milton Rosenkranz,* for the respondents.

The opinion of the court was delivered by

PARKER, J.

Upon the filing of the bill, there was an order for *ad interim* restraint, and to show cause why such restraint should not be continued.  Defendants gave notice of motion to strike the bill of complaint, which under present practice is substituted for a demurrer to the bill.  Both matters were heard together, and the court ordered the restraint dissolved, motion

to strike the bill granted, and the bill dismissed. The complainant appeals.

The important questions in the case are whether the statute of frauds was applicable to the situation, and if so, whether it was available to respondents on the record.

The facts are adequately stated in the opinion filed by the learned Vice-Chancellor, *ubi supra*. That the agreement relied on by complainant was not in writing, is clear and is not denied. That it would restrict an ordinarily legitimate use of real property, if enforced, is equally clear. Appellant relies on decisions in Connecticut and New York as supporting the proposition that "agreements restricting the use of land, although made by parol, are enforceable and do not come within the statute of frauds," but no such rule obtains in this state. Our law on this subject was clearly expounded in the Chancery case of *Radey* v. *Parr, 108 N. J. Eq. 27,* decided by Vice-Chancellor Leaming, one of our ablest Vice-Chancellors. In that case the question was whether an oral agreement by the owner of a tract of land with purchasers of a part thereof that the tract was to be developed and maintained as exclusively residential, would be enforced for the purpose of preventing the erection or operation of a factory on any part of the tract.

On the filing of the bill, there was an order to show cause for restraint, and the argument was on the return of that order to show cause. In that posture of the case an injunction *pendente lite* was denied (at *p. 33*). The opinion states three situations, and three only, "in which parol evidence may be effective to compel the owner of real estate to forego the benefits of his legal title." The first relates to a vendee's suit for specific performance of a parol agreement to convey where possession has been delivered. This, of course, has no relevancy here. The second is "actual, positive fraud," where it appears that at the time the promise was made there was an intent to violate it, or trick the other party into waiver of a writing. (We paraphrase the language of the Vice-Chancellor.) The third is where the parol contract alleged in the bill is admitted in the answer without invoking the statute. In the present case, as in the *Radey Case,* no answer

has been filed. Consequently the only question to be determined at this time is whether the second situation is exhibited in the record. A careful reading of the bill of complaint and of appellant's affidavit annexed thereto fails to show in either any positive averment or necessary implication that defendants, or any of them, at the time of the alleged oral promises, had any intent to violate them or to deceive the appellant thereby. The situation was substantially as follows: complainant was lessee under written lease of a lot of land which may be loosely but sufficiently described as 100 feet square, on the south side of a main road, where he operated a gasoline station. Adjoining on the west was other land of complainant's lessor, who contracted to sell to certain of the defendants a tract which would include use of the westerly 25 feet of the tract leased to complainant, who after negotiation and for a reduction in rent, agreed in writing under seal that the purchaser of the adjoining property or his assigns should "have the free and unobstructive right of ingress and egress over and across said" 25-foot strip. This is the only writing relied on: and as will be seen, it contains not a word with respect to any limitation of use of the adjoining tract which defendant Heller was purchasing. As to that, all negotiations were oral; and while the bill and affidavit aver that complainant refused to permit the use of the 25 feet unless assured that no competing gas station was to be started next door, and that Heller and his associates so assured him, we do not find a word in either bill or affidavit to the effect that they were insincere in so assuring him or they had any concealed interest to operate a gas station instead of a motor freight terminal as they represented.

The case of *Radey* v. *Parr* was not taken to this court; but a decision by Vice-Chancellor Leaming always carries great weight, and we think that the rule laid down by him in that case should be regarded as settled in this state. We conclude therefore that the *ad interim* restraint was properly dissolved: and inasmuch as the bill did not plead a state of facts that would meet the objection of the statute of frauds, it presented no case for relief and was properly dismissed. The decree will therefore be affirmed.

548

*For affirmance*—The Chief-Justice, Parker, Case, Bodine, Donges, Perskie, Porter, Colie, Dear, Wells, WolfsKeil, Rafferty, Hague, Thompson, JJ. 14.

*For reversal*—Heher, J. 1.