## De Paolo v. Warner

*Joseph J. Hennessy*, for plaintiffs.
*H. Kenneth Butera*, for defendants.

DANNEHOWER, P. J., June 21, 1960.—Plaintiffs seek to recover $3,600 loss in value of certain real estate, allegedly resulting from defendants' failure to fulfill an oral agreement to construct a parking lot. They allege that representations by defendants that the parking lot would be constructed induced them to sign the agreement of sale and to accept the deed. Nevertheless, they have not sought recision of the transaction and return of the total consideration of $14,000.

Defendants filed preliminary objections to the complaint in the nature of a demurrer, alleging, first, that the statute of frauds is a bar to relief, and second, that the complaint fails to state a cause of action.

The oral contract allegedly created an interest in the real estate to be used for parking for the benefit of plaintiffs. Our cases are clear that plaintiffs may not obtain specific performance of a parol agreement to convey an interest in land: Wally v. Wally, 286 Pa. 413 (1926). They have wisely not sought such relief with regard to the easement or license of parking space averred to be created here.

Their complaint seeks only the recovery of money damages. Such relief is permissible, but the appropriate measure of damages has been carefully defined: Immel v. Herb, 43 Pa. Superior Ct. 111 (1910). In Hertzog v. Hertzog's Administrator, 34 Pa. 418, (1859), the syllabus states the decision of the court as follows:

"In an action for the breach of a parol contract for the conveyance of land, in consideration of money paid and services rendered, the damages are to be measured by the amount of the consideration, and not by the value of the land. The plaintiff cannot recover damages for the loss of the bargain."

The learned court felt that permitting recovery for

loss of the bargain would be a subversion of the statute of frauds.

In cases where fraud is alleged, recovery is permitted for improvements made to the premises by the purchaser and for subsequent increases in value thereof. See also Seidlek v. Bradley, 293 Pa. 379 (1928); and Stephens v. Barnes, 30 Pa. Superior Ct. 127 (1906).

Although plaintiffs have alleged fraudulent misrepresentation, no averments of improvements to the parking lot premises or increase in the value thereof are made in the complaint. Therefore the only monetary relief to which plaintiffs are entitled is a return of the consideration paid by them under the alleged oral contract.

In this respect, the complaint is defective in that it is nowhere alleged that the $3,600 claimed is the agreed consideration for the oral promises to provide parking facilities. Instead, this figure is denominated a "loss in value of the real estate", a measure of damages unavailable for breach of an oral contract to convey land.

It may be that plaintiffs can amend their complaint so as to separate from the total consideration paid that part which represents the consideration for the alleged parking easement or license. Should this prove impossible, plaintiffs are entitled only to nominal damages.

## Order

And now, June 21, 1960, for the foregoing reasons defendants' preliminary objections in the nature of a demurrer are hereby sustained, and plaintiffs are allowed 20 days from notice hereof to file an amended complaint.