## Overbrook Farms Club v. MacCoy

*L. F. Markel,* for plaintiff.

*Victor J. Roberts* and *Knox Henderson,* for defendant.

FORREST, P. J., October 21, 1963.—This action in equity to enforce an alleged oral agreement to restrict the number of apartment houses, the number of stories, the height of the buildings and the number of dwelling units thereof, on a certain tract of land, comes before us on defendants' motions for judgment on the pleadings.

The amended complaint is virtually identical with the complaint, except for the addition of Provident Tradesmens Bank and Trust Company as a defendant and the addition of the averment that said bank holds a first mortgage in the amount of $10,000,000 on the tract, which was recorded on May 29, 1962, in the office of the recorder of deeds of this county, in mortgage book 3335, page 469. This action was commenced on October 3, 1962. With this addition, our summary of the averments of the complaint, which is contained in our opinion dated May 9, 1963, in this case, suffices for present purposes and is incorporated herein by reference.

Defendants, MacCoy, Madway, individually and the firm bearing his name, and Provident filed separate responsive answers, denying that the oral agreement

alleged by plaintiffs was entered into. Under new matter, these defendants have demurred, specifying violation of statute of frauds as a reason, and they have raised defenses of laches and lack of clean hands. The allegations relative to these last mentioned two defenses have been denied by plaintiffs in their reply.

Finally, motions for judgment have been filed by all defendants. Provident made its motion in its answer under the heading of new matter. This is a practice which is not authorized by the Pennsylvania Rules of Civil Procedure. These motions have brought the case before the court en banc a second time. They are based upon the contentions that: (1) The statute of frauds bars plaintiffs from the relief requested; (2) plaintiffs are guilty of laches; (3) plaintiffs do not have "clean hands"; (4) plaintiffs have an adequate remedy at law, and (5) the amended complaint fails to set forth a cause of action; particularly that the complaint against the bank is barred by the pertinent recording statute.

The pertinent statute of frauds, which is the Act of March 21, 1772, 1 Sm. L. 389, sec. 1, 33 PS §1, provides, inter alia:

". . . all . . . estates . . . of, in or out of any . . . lands, tenements or hereditaments, made . . . by parol, and not put in writing, and signed by the parties so making or creating the same, or their agents, thereunto lawfully authorized by writing, shall have the force and effect of leases or estates at will only, . . .; except, nevertheless, all leases not exceeding the term of three years from the making thereof . . ."

" 'An easement is a liberty, privilege or advantage which one may have in the lands of another without profit . . . It may be merely negative . . . and may be created by a covenant or agreement not to use land in a certain way . . .': Slegel v. Lauer, 148 Pa. 236, 240": Clements v. Sannuti, 356 Pa. 63, 65 (1947).

An easement is within the statute of frauds: Yeakle v. Jacob, 33 Pa. 376 (1859).

"It is well settled that an easement cannot exist in parole": Huff v. McCauley, 53 Pa. 206, 210 (1866).

"An easement, as an interest in land, is subject to the provisions of the relevant statute of frauds": Restatement, Property, §467, comment F.

The Restatement, Property, §522, provides that, with a certain exception having no relevance herein, ". . . a promise that certain land will be used in a particular way is subject to the provisions of the Statute of Frauds requiring promises which create interests in land to be in writing signed by the promisor." The " 'obvious purpose [of the Statute] is to prevent the assertion of verbal understandings, and to obviate the opportunity for fraud and perjury. 'It is not a mere rule of evidence. It is a declaration of public policy': Holland Furnace Co. v. Keystone Dehyd. Co., 151 Pa. Super. 495, 499 . . .": Sacks v. Katz, 71 Montg. 282, 283 (1955).

There is a line of cases which establishes exceptions to the strict and literal construction of the statute of frauds. Thus, "In Haslet v. Haslet, 6 Watts 464, [the Supreme Court] characterized as 'a correct, exposition of the law' the opinion of the court below, in which appears the following: 'It is too well settled to be now disputed, that where money has been paid, and possession given, in pursuance of a parol contract for the sale of land, equity will enforce the specific execution of the contract, on the ground that, to suffer a man who has received his money to take both money and land, by pleading the statute of frauds, would be making the statute itself the instrument of fraud, which it was made to prevent' ": Tetlow's Estate, 321 Pa. 305, 313 (1936).

"In order to take a parole contract for the sale of lands out of the operation of the Statute of Frauds,

its terms must be shown by full, complete, satisfactory and indubitable proof. The evidence must fix the amount of the consideration. It must establish the fact that possession was taken in pursuance of the contract, and at or immediately after the time it was made, the fact that the change of possession was notorious, and the fact that it has been exclusive, continuous and maintained. And it must show performance or part performance by the vendee which could not be compensated in damages, and such as would make rescission inequitable and unjust:' Hart v. Carroll, 85 Pa. 508, 510; . . .": Richardson v. Savage, 129 Pa. Superior Ct. 235, 237, 238 (1937).

This doctrine has been adhered to in later decisions: Brotman v. Brotman, 353 Pa. 570, 572 (1946). More recently the court has reiterated that "To take a parol contract out of the statute, it is necessary . . . that it be partly performed by delivery of the possession . . .": Yarnall Estate, 376 Pa. 582, 589 (1954).

As stated over 100 years ago, to take a case outside of the statute, "There must be, at least, the publicity which attends an open transfer of the possession. An unequivocal and substantial change of the occupancy must be a part of the evidence of the contract . . .": Hill v. Myers, 43 Pa. 170, 172 (1862). Where the alleged vendee already is in possession as a tenant in common, there can be no such delivery of possession as will take the case out of the statute: Lincoln v. Africa, 228 Pa. 546, 550 (1910). Conversely, where, as here, the alleged vendor already is in possession and remains in possession, there can be no such unequivocal and substantial change of occupancy as to publicize the alleged creation of an easement.

". . . the statute [of frauds] prevents the entry of a decree of specific performance against the vendor under the oral contract, if he elects to invoke it, unless it appears that continuous and exclusive possession was

taken under the contract *and* improvements were made by the vendee not readily to be compensated in money, or other equitable considerations make it impossible to do justice save by specific performance": Haskell v. Heathcote, 363 Pa. 184, 188 (1949); Klingensmith v. Klingensmith, 375 Pa. 178, 184 (1953).

Thus, it appears that the taking of possession is a necessary fact which, with other circumstances, may give rise to equities sufficient to take the case out of the statute of frauds: Redditt v. Horn, 361 Pa. 533 (1949). And since, in the case of a negative easement, the one enjoying the same does not have possession, we think that there can be no such easement of Pennsylvania property, unless such interest in land is created in writing signed in accordance with the provisions of the statute of frauds.

"Negative easements . . . are agreements that restrain the owner 'from doing with and upon property' that which, except for the covenant or agreement, might lawfully be done": 17A Am. Jur. 638, Easements, §28.

"A negative easement assures to the owner thereof a particular use or enjoyment of the land subject to the easement by enabling him to prevent the possessor of the land from doing acts upon it which, were it not for the easement, he would be privileged to do": Restatement, Property, §452.

We repeat, since it is impossible to take continuous and exclusive *possession of* a negative *easement* such as a right to limit the height or other dimensions of one's neighbor's buildings, we conclude that such easements cannot be created without a writing to satisfy the requirements of the statute of frauds.

In other States, there is a split of authority on the subject, and it appears that the question has never been squarely decided in Pennsylvania. "An oral agreement not to make a certain use of land is sometimes

held not to be within the statute (Fn. 91 citing Thornton v. Schobe, 243 P. 617, 79 Colo. 25, 27 C. J. p. 226 note 79.) However, such an agreement has also been held within the statute of frauds, (Fn. 92 citing Droutman v. E. M. & L. Garage, 20 A. 2d 75, 129 N. J. Eq. 545, affirming 19 A. 2d 25, 129 N. J. Eq. 1; Miller v. Babb, 263 S. W. 253, reversing Babb v. Miller, 259 S. W. 177; Triangle Ranch v. Union Oil Co. 287 P. 2d 537, 135 C. A. 2d 428) as creating an interest (Fn. 93 citing Turner v. Glenn, 18 S. E. 2d 197, 220 N. C. 620) or easement in land, or equity attaching to it. (Fn. 95 citing Mausert v. Christian Feigenspan, 64 A.801, 68 N. J. Eq. 671, affirmed 63 A. 610, 68 N. J. Eq. 671.)": 37 C. J. S. p. 618, Statute of Frauds, 125. A collection of the cases deciding one way and the other is found in 5 A. L. R. 2d 1316, et seq.

Plaintiffs rely upon Immel v. Herb, 43 Pa. Superior Ct. 111 (1910), in support of their contention that the statute of frauds does not apply. However, that case was an action to recover damages for the breach of a parol contract to convey land. The court decided that such action could be maintained, although the contract could not be specifically enforced. DePaolo v. Warner, 22 D. & C. 2d 306 (1960), decided by former President Judge Dannehower, was a similar case and was decided on an opinion in the same vein. Discussing Immel v. Herb, supra, the author of the annotation found in 5 A. L. R. 448, 449 states: "In Pennsylvania, . . .the 4th section of the original Statute of Frauds not having been adopted, a vendee may recover damages for breach of an oral agreement to convey land, although the contract cannot be specifically enforced." See also additional comment upon Immel v. Herb in 5 A. L. R. 2d 1316, 1334, 1336.

Plaintiffs lean heavily on Wood v. Goldvarg, 365 Pa. 92 (1950). The Supreme Court in that opinion did not disclose whether the contract was written or oral, and

did not discuss or mention the applicability or inapplicability of the statute of frauds. The case turned upon the propriety of granting an injunction, pending a final hearing to determine the validity or invalidity of a zoning ordinance. Hence, the Wood case, supra, is not authority for plaintiffs' contention.

Finally, plaintiffs cite Fitzgerald v. Kwaterski, 115 Pa. Superior Ct. 53 (1934). However, that case did not turn on the question of the applicability of the statute of frauds; in fact, the statute was not mentioned in the opinion.

Plaintiffs have not alleged facts bringing them within an exception to the statute of frauds. Nor have the defendants waived the defense of the statute. Hence, we conclude that the statute is an insuperable hurdle barring success by plaintiff. Since this is our conclusion, it is unnecessary to consider the other reasons assigned by defendants for the entry of summary judgment.

Plaintiffs have attacked the motions for judgment on the procedural ground that their reasons were such as could, and should, have been raised upon demurrer, and that, in so raising their defense and in losing upon demurrer, they should not be permitted to raise the defense again, at least not in the pleading stage. This argument overlooks the fact that the preliminary objection of statute of frauds was expressly overruled on procedural grounds. The order of court was without prejudice to the right of defendant to answer on the merits and to move for judgment after reply by plaintiff. ". . . the fact that the defendant did file a demurrer which was dismissed does not bar him from filing a motion for judgment on the pleadings after the plaintiff has filed his reply if the record as it then stands warrants such relief": 2A Anderson Pa. Civ. Prac. §1034.4.

We are of the opinion that plaintiffs are unable to state a cause of action *in equity*. Therefore, leave to

610

file an amended complaint will not be granted.

And now, October 21, 1963, the motion is allowed and, upon payment of his fee, the prothonotary is ordered to enter final judgment against plaintiffs and in favor of all defendants.