## Civic Center Investors Corporation v. Republic Insurance Company

*Marvin J. Apple*, for plaintiff.

*Preston J. McDonnell*, for defendant.

McLEAN, J., September 7, 1971.—This action in assumpsit is before the court en banc on plaintiff's motion for summary judgment, in which plaintiff relies upon its amended complaint, defendant's answer thereto, plaintiff's requests for admissions under Pennsylvania Rule of Civil Procedure 4014, to which defendant has never replied, and the deposition of Joseph J. Bernstein, the secretary-treasurer, stockholder and director of plaintiff corporation.

Many of the facts of the case could be taken to be established by the inadequacy of the denials in the answer of defendant to the allegations of the amended complaint. This is clearly so under the requirements of Pa. R. C. P. 1029. For example, there are several general denials and other failures to make denials that are adequate under the requirements of rule 1029.

However, it is not necessary to rely on such a technical application of the rules to establish the facts upon which the court must make its decision. For plaintiff has also filed requests for admission under Rule 4014, admittedly served upon defendant, and to which replies have never been made. Accordingly, the requested matters are established as fact for the purposes of the instant law suit. Finally, there is the deposition of Mr. Bernstein supplying in narrative form the factual picture here involved. Most important, there is a complete absence of any defensive action from defendant as permitted under Pa. R. C. P. 1035,

relating to summary judgment. That is to say, there have been no affidavits filed by defendant, no depositions or any other like materials that Rule 1035 contemplates may be used by a defendant if, in fact, he is in position to show that a genuine issue of fact exists, requiring a trial. Especially applicable is the following portion of rule 1035(d):

". . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or.as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The facts of the case as they are thus established are that plaintiff, as creditor of the then-owners of the subject real estate, issued an execution on a judgment procured by it against the debtor-owners which resulted in a sale of the premises on execution by the Sheriff of Allegheny County. Plaintiff's nominee, a sister of Mr. Bernstein, was the successful bidder at the sheriff's sale, and pursuant to custom, well established in Allegheny County, following the sheriff's knock-down of the property, plaintiff sought to find a purchaser for the premises; that is, plaintiff sought to "sell the writ" to some ultimate purchaser, hopefully at a profit to plaintiff.

Plaintiff sought unsuccessfully for a period of time to get the property sold on advantageous terms, in the meantime suffering the risk that is ever attendant upon unoccupied residential real estate. At length, plaintiff came into contact with Mr. and Mrs. Alderson who agreed to buy the property for a price of $18,500, subject to the existing first mortgage on the premises which was not disturbed by the sheriff's sale. The Aldersons had no money to pay, but were willing to

execute a second mortgage to plaintiff to cover the balance of purchase price over and above the balance due on the existing first mortgage, $13,075.52. This would give to plaintiff the amount of the original debt upon which execution was issued plus various items of cost that plaintiff had incurred, including a payment to clear the arrears on the first mortgage, together with a modest profit on the entire transaction. Plaintiff was desperate to get a purchaser and to get the premises occupied.

The agreement of the Aldersons to purchase the property was oral, and appropriate mortgage instruments were prepared under which the Aldersons executed a mortgage in favor of plaintiff in the amount of $5,500, subordinate to the lien of the said first mortgage, and also executed a conventional accompanying bond. In addition, arrangements were made for the issuance of a homeowners insurance policy by defendant to the Aldersons on which the first year's premium in the amount of $60 was paid to defendant. The policy noted the interest of the first mortgagee and that of plaintiff as second mortgagee. Finally, the sheriff was directed to issue his deed to the Aldersons. Defendant's insurance policy was issued for the period commencing April 7, 1970, the sheriff's deed was executed on April 17, 1970, and recorded on April 28, 1970, the mortgage from Aldersons to plaintiff was dated April 25, 1970, and recorded also on April 28, 1970.

Thereafter, the subject premises were destroyed on May 8, 1970, by fire or explosion. Shortly, later notice of the destruction of the property was communicated to defendant, and defendant has paid in full the claim of the first mortgagee.

Plaintiff has duly notified defendant of its claim in the amount of $5,500 plus interest from April 25, 1970, the full amount of the mortgage to plaintiff, since

the Aldersons have not made any payments on the mortgage. First payment on the mortgage to plaintiff was due July 1, 1970, but by that time the property had, in fact, been totally destroyed.

On the foregoing recitation of the facts, it is obvious that defendant is indebted to plaintiff in the amount of $5,500 plus interest from April 25, 1970, by virtue of the contract of insurance which defendant issued naming plaintiff as a protected second mortgagee of the insured premises. The only thing that defendant has advanced of record is the assertion that the destruction of the premises was "under mysterious circumstances" and this gratutitous assertion in paragraph 13 of its answer:

"It is averred that under the proof to be presented by this defendant, the defendant is not indebted to the plaintiff in any sum."

The nature of that proof, or the legal theory that it would establish, is nowhere identified by defendant. No affirmative defense has been pleaded, nor, as indicated above, has anything been filed as authorized and required under the provisions of Rule 1035. It is obvious to us that defendant feels that there has been some fraud perpetrated, but defendant is without a basis on which to plead fraud.

Plaintiff has seized every opportunity that the Rules of Civil Procedure provide to force defendant to show what defense it has, and defendant has not done so. Accordingly, a judgment for plaintiff is required under Rule 1035. In fact, this case is a classic example of the reason for which Rule 1035 came into existence.

In its brief, defendant asserts that an oral contract for the sale of real estate is violative of the statute of frauds. However, there is clearly no statute of frauds problem here, on a number of independent grounds. First of all, the statute of frauds is rendered superfluous by the fact that there has been a deed executed,

delivered and recorded. It is a well-established principle of law that agreements for the sale of real estate are merged in the deed. Next, the statute of frauds does not prevent an oral contract for the sale of real estate from coming into existence, but merely prevents the specific enforcement thereof. An oral contract for the sale of real estate which is unenforceable specifically because of the statute of frauds will still support an action for damages for breach of the oral agreement: Immel v. Herb, 43 Pa. Superior Ct. 111 (1910); Hunt v. Whitehead, 81 York Leg. Rec. 48 (1967). And finally, we know of no instance in which it has been held that a stranger to the oral contract has standing to plead the statute of frauds to assert its invalidity: Schuster v. Pennsylvania Turnpike Commission, 395 Pa. 441 (1959); Bucher v. Hayes, 64 Dauph. R. 220 (1953); Dietrich v. K-D-T Coal Co., 61 Dauph. R. 304 (1950).

## ORDER

And now, September 7, 1971, following oral argument and consideration of the briefs of counsel it is ordered that plaintiff's motion for summary judgment is granted and judgment is entered in favor of plaintiff and against defendant in the amount of $5,500, plus interest from April 25, 1970. Defendant's preliminary objections are also overruled.